No. 8896.
Orleans Appeal.

MARY HYMEL, Appellant, v. JOS. VAVASSEUR, ET AL.

(April 27, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 208.**
A mortgagee who swears that she did not sign the note nor the Act of Mortgage will not be believed when the Notary and the two witnesses to the Act, testify that she signed both documents in their presence.

2. **Louisiana Digest—Evidence—Par. 351; Bills and Notes—Par. 233.**
Considering her testimony concerning the note and mortgage, her testimony that she received no consideration for the note and that she was induced to believe that she was signing her testament will not overcome the testimony of reputable witnesses, and other evidence to the contrary.

Appeal from the District Court for the Parish of St. James, Hon. Sam A. LeBlanc, Judge.

This is a suit to annul a note and a mortgage on the ground of want of consideration and misrepresentation. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Howell, Wortham & Howell, Martin & Campbell, attorneys for plaintiff and appellant.

Walter Lemann and Henry L. Himel, attorneys for defendant and appellee.

CLAIBORNE, J. This is a suit to annul a note and a mortgage on the grounds of want of consideration and misrepresentation.

The plaintiff alleges that it appears by an Act before Sidney A. Marchand, Notary, dated March 13, 1918, that she acknowledged that she was indebted unto Jeanne Theriot, wife of Jos. Vavasseur in the sum

of $1,800; that in order to evidence said indebtedness she subscribed a promissory note for a like amount, $1,800, paraphed for identification with said Act; that in order to secure the payment of said note she granted a mortgage upon certain property mentioned in said Act; that she is not now and never has been indebted unto Jeanne Theriot and that she never intended to mortgage her property; that some time prior to March 13, 1918, she had desired to make her testament, to the knowledge of Jeanne Theriot and her husband, Jos. Vavasseur; that on that date "they called on your petitioner at her home, representing to her that in order to make her testament, it was necessary that she should appear before a Notary Public in the Parish of Ascension, and upon their solicitation and representation she consented to proceed to the Parish of Ascension and thereupon did proceed to Burnside, in the Parish of Ascension, for the purpose of making her last will and testament, accompanied by the said Mrs. Jeanne Theriot Vavasseur, and her said husband, Jos. Vavasseur, and John Gauthreaux, her nephew, and Miss Mathilde Gauthreaux, her niece; that she was then presented with some documents by the said Notary Public which your petitioner being old, feeble, and near-sighted, could not read, and your petitioner in the belief that said documents contained her testament did affix thereto her signature where pointed out to her by said Notary; that it was only in July, 1920, that she learned for the first time from the Recorder of the Parish that her property was encumbered; that the Act of Mortgage was not read in her presence nor in the presence of the subscribing witnesses, and that she affixed her signature thereto upon the fraudulent representation of Mrs. Jeanne Theriot Vavasseur and of her said husband, Jos. Vavasseur, who conspired to defraud her of her property;

That it appears from the Conveyance records that on that same day by Act before the same Sidney A. Marchand, petitioner purchased from John and Mathilde Gauthreaux all their rights in certain property therein described for the price of $60 cash paid to them; that in the same manner she learned for the first time that she had acquired said property;

That since that time Jeanne Theriot has died on January 18, 1919, leaving as her only heirs four minor children;

That the note above described is in the possession of Jos. Vavasseur.

Plaintiff prays for judgment, declaring the said note and mortgage null and void.

The defendants admitted all the allegations concerning the note and mortgage, but denied want of consideration or fraud and misrepresentation.

Preceded by elaborate written reasons the District Judge rendered judgment in favor of defendants, rejecting plaintiff's demand, and in favor of defendants against the plaintiff on their reconventional demand, and plaintiff has appealed.

Two questions are presented for consideration: 1st, whether there was a consideration for the note and mortgage, and 2nd, did the plaintiff know that she was signing a note and mortgage and not her testament as she alleged she believed she was signing?

Jeanne Theriot Vavasseur was raised by the plaintiff at her home like one of her children, since she was two years old until she was sixteen, when she married Joseph Vavasseur. John and Mathilde Gauthreaux were the nephew and niece of plaintiff and the latter lived with her since she was ten years old, and John was still living with her. The plaintiff understands English but cannot speak it much; she has received an education and could read and write, but for the last five or six years her sight has failed and she cannot write any more as well; being shown the original note and Act of Mortgage the plaintiff testifies that she did not sign them; being shown the Act of Sale from John and Mathilde Gau-

threaux to her she swears that she did not sign it; being shown her signature to the affidavit annexed to her petition in this case, she swears she did not sign that either; her counsel, however, admits that the signatures to the above documents are those of the plaintiff.

The plaintiff is about 80 years old and very feeble. There is no evidence to corroborate plaintiff's testimony by comparison of signatures or otherwise. But the Notary before whom she signed the note and mortgage and sale swears positively that the plaintiff signed all three documents in his presence in a small room in the presence of several witnesses. He is corroborated by the testimony of John F. Saxon, Vice-President of the Pontchartrain Levee Board, and a witness to the Acts, thoroughly disinterested. Also by John Gauthreaux another witness to the Acts, and by Jos. Vavasseur. In the presence of this overwhelming evidence, a Court could not be asked to believe that the plaintiff did not sign all those documents.

The plaintiff's denial that she signed these three documents, conclusively shown to have been signed by her, weakens her testimony that she believed she was signing her testament and not a note and mortgage. Whatever may have been said before she left her home with the defendant and before she reached her daughter's home where the Acts were passed, there is no evidence that the Notary or any one else spoke of making a testament. On the contrary, the testimony of the Notary and of Saxon establishes beyond a doubt that the sole subject of conversation was the note, the mortgage, and the act of sale. The note is in evidence. It is a slip of pale green paper about three inches wide and eight inches long, upon which are printed the usual words of a promissory note. No one could be deceived into believing that this paper was a testament,

unless he was illiterate or blind, which was not plaintiff's case. All of the witnesses who testify that the plaintiff was induced to believe that she was signing a testament are nephews and nieces of the plaintiff, several residing with her upon the mortgaged property and her presumptive heirs and entertaining ill feelings against the defendant. One of them testified that she would not accept pop from Joe Vavasseur if she was choking.

The plea of want of consideration more seriously engaged our attention. It is true that the evidence is that the plaintiff lived very modestly in an humble country home and that she had no need of money. It is also true that she never appeared to have any money nor to spend any, and that Jeanne Theriot Vavasseur had no means of her own. But opposed to that is the fact that defendant held three acknowledgments of indebtedness in favor of Jeanne Theriot, two for $550, each dated January, 1915, and a third for $800 dated January 9, 1916, two of which are admittedly genuine; that Joe Vavasseur was an industrious man, working as a blacksmith and wheelwright and as a carpenter and a sugar maker, and as stated by Doctor Bringier, making at a time, plenty of money and that Vavasseur gave all the money he earned to his wife to keep; and this same doctor and three other witnesses who employed Vavasseur in his different occupations, state that Vavasseur was thoroughly honest and faithful, "we can raise a man honest, but not more honest than him; he can't be beat for honesty"; "just as fine as a man can be"; and the reputation of Jeanne Theriot Vavasseur in the community for truth and veracity was also "very good", and the unreliable character of plaintiff's testimony.

At the time this suit was filed Jeanne Theriot Vavasseur was dead and unable to defend herself.

The District Judge who saw and heard the witnesses and who perhaps knew some of them, rendered judgment against the plaintiff. We do not feel certain that he has erred; therefore his judgment is affirmed.